1

2

3

4

5

6

7

8

9

10

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15   NATALIE TOMCO, an Individual,        )   CASE NO.:  CV09-6705 GAF (VBKx)
                                          )
16              Plaintiff,                )
                                          )   [PROPOSED] PROTECTIVE ORDER
17        vs.                             )
                                          )   NOTE CHANGES MADE BY THE COURT.
18   PRADA USA CORPORATION, a             )   DISCOVERY MATTER
     Delaware corporation, and Does 1 through )
19   50, inclusive,                       )
                                          )   Complaint filed:   August 6, 2009
20              Defendants.               )   Trial:             February 8, 2011
                                          )
21   _____)

22

23

24

25

26

27

28

1    Based upon the Stipulated Protective Order submitted by parties, and for good
2  cause shown:

3    The Court hereby orders that:

4    **A.    DEFINITIONS**

5    1.    "ACTION" shall mean the above-captioned action and any appeal(s) of that
6  action.

7    2.    "PARTIES" shall mean all parties of record in the ACTION, including all
8  counsel of record, their employees, contractors, representatives, and agents.

9    3.    "DOCUMENT(S)" shall mean any document or electronically stored
10 information -- including writings, drawings, graphs, charts, photographs, sound
11 recordings, images, and other data or data compilations stored in any medium from which
12 information can be obtained either directly or after translation into a usable form -- as
13 defined by Federal Rule of Civil Procedure 34(a)(1)(A).

14   4.    "CONFIDENTIAL MATERIALS" shall include all DOCUMENTS
15 produced in the course of the ACTION that: *data identifiers as defined in Local Rule 79.5.4*
16   a) contain personal ~~identifying information~~ *data identifiers* regarding any individual,
17 including but not limited to employees;

18   b) contain information impacting the right of privacy regarding any
19 individual, including employees;

20   c) have not been made public and which concern or relate to the processes,
21 operations, type or work, or to the production, sales, shipments, purchases, transfers,
22 identification of customers, inventories, amount or source of any income, profits, losses,
23 or expenditures of any persons, firm, partnership, corporation, or other organization, the
24 disclosure of which information may have the effect of causing harm to the competitive
25 position of the person, firm, partnership, corporation, or to the organization from which
26 the information was obtained.

27
28

**B.   PROCEDURES FOR USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL**

5.   CONFIDENTIAL MATERIAL shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

6.   Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition or other ACTION and notifying the court reporter, if applicable, to separately transcribe the portion of the testimony or argument during which CONFIDENTIAL MATERIAL is discussed.  Such portion of the deposition or hearing transcript shall be separately transcribed and stamped with the appropriate legal legend as specified in Paragraph 5, above.  The transcript shall then be maintained by the witness, the court and/or outside counsel in accordance with the provisions of this Order.

7.   CONFIDENTIAL MATERIAL shall be protected by the PARTIES and may only be used in a manner that is consistent with this Order, and only as necessary for the purpose of the prosecution, defense, or settlement of this ACTION and for no other purpose.  CONFIDENTIAL MATERIAL shall not be used in any other lawsuit, action, or other matter. Nothing in this Order restricts the ability of any party to use or disclose its own CONFIDENTIAL MATERIAL. *by anyone the MATERIAL who receives the CONFIDENTIAL in this action FM*

8.   CONFIDENTIAL MATERIAL produced under this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this ACTION;

b) experts or consultants retained by the PARTIES in this ACTION;

c) court reporters employed in this action;

Case 2:09-cv-06705-GAF-VBK

d) witnesses testifying during any aspect of the ACTION or designated by the PARTIES in this ACTION; and

e) any other person as to whom both PARTIES agree in writing.

9.    With the exception of the PARTIES and court personnel, to whom this Order applies, CONFIDENTIAL MATERIAL shall not be disclosed to any person or entity unless that person or entity first agrees to the terms and conditions of this Order in writing, in the form of a nondisclosure agreement (*see* Attachment A), or on the record in the ACTION.  The disclosing party shall retain the executed nondisclosure agreement, and shall provide a copy to the PARTIES within seven days after the agreement is signed.

10.    The PARTIES may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY," in the manner described in Paragraphs 5 and 6 above.  Such material shall be disclosed only to the Court, to counsel for the PARTIES (including the paralegal, clerical, and secretarial staff), and to the "qualified persons" listed in Paragraph 8(b) through (e) above, but shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed or ordered.

11.    A party seeking to file confidential information under seal must comply with the procedures in Local Rule 79-5.

12.    CONFIDENTIAL MATERIAL filed under seal shall be labeled with a cover sheet bearing the case name and number, along with the following statement: "This document is subject to a protective order in this case and shall not be copied or examined except in compliance with that order."  Documents so-labeled shall be kept under seal by the court clerk.

13.    All persons and entities having access to CONFIDENTIAL MATERIAL shall not make copies of the CONFIDENTIAL MATERIAL except as necessary for the ACTION, and they shall maintain control of any such copies in compliance with this Order.

14.    All CONFIDENTIAL MATERIAL shall be maintained with adequate security to ensure compliance with this Order.  The PARTIES shall maintain a record of the persons and entities granted access to CONFIDENTIAL MATERIAL.

15.    Each person or entity having access to CONFIDENTIAL MATERIAL shall not disclose or discuss the content of the CONFIDENTIAL MATERIAL except as provided in this Order.

16.    Nothing in this Order shall prevent any person or entity from accessing or using CONFIDENTIAL MATERIAL as otherwise authorized in the normal scope of their official duties.

17.    Nothing in this Order shall affect the admissibility of CONFIDENTIAL MATERIAL for any use in this ACTION, including during trial.

18.    In the event any person or PARTY in the ACTION receives a court order, process or subpoena seeking the disclosure of CONFIDENTIAL MATERIAL, such person or PARTY shall promptly notify each of the PARTIES through their attorneys of record, shall furnish each of the PARTIES through their attorneys of record with a copy of the court order, process or subpoena, and shall not interfere with respect to any procedure sought to be pursued by any PARTY whose interests may be affected by such disclosure.  The PARTY asserting that documents or information subject to the court order, process or subpoena constitute CONFIDENTIAL MATERIAL shall have the burden of defending against such court order, process or subpoena.  ~~The PARTY receiving the court order, process, or subpoena shall, once sufficient notice to all other PARTIES has been given and the PARTIES have had a reasonable opportunity to object (but in no case less than ten (10) days after notice), be entitled to comply with it except to the extent a PARTY has filed for or succeeded in obtaining an order modifying or quashing the court order, process, or subpoena.~~ *Nothing herein limits the obligations of any person or PARTY to comply with any court order, process or subpoena.* ƒƒM

/ / /

/ / /

**C.   DISPOSITION   OF   CONFIDENTIAL   MATERIAL   UPON   TERMINATION OF THE ACTION**

19.   At the conclusion of the ACTION (including appeal), all such CONFIDENTIAL MATERIAL shall be returned to the PARTY who produced it within fifteen (15) days of the final District Court or Court of Appeal dispositive order.   No PARTY, expert, consultant or any other person or entity to whom such CONFIDENTIAL MATERIAL was produced shall retain any copies or any such CONFIDENTIAL MATERIAL, except that counsel for each PARTY may maintain one copy of all documents containing CONFIDENTIAL MATERIAL for the purpose of maintaining complete and accurate files of the ACTION.

20.   This Order shall survive the final termination of this ACTION, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public.

**D.   MISCELLANEOUS PROVISIONS**

21.   The terms and conditions of this Order are without prejudice to the right of any party:

  a) to apply to the Court for a different protective order or for a modification of this Order;

  b) to object to a discovery request;

  c) to withhold documents on the basis of privilege;

  d) to apply to the Court for an order compelling production of documents;

  e) to apply for an order permitting disclosure of any CONFIDENTIAL MATERIAL.

22.   All DOCUMENTS produced by any PARTY during the course of the ACTION shall be used solely in connection with the ACTION. The PARTIES agree that any DOCUMENT produced during the course of the ACTION shall not be used or

1  disseminated for any other purpose, including but not limited to, pending or future

2  litigation in any court.

3

4  **IT IS SO ORDERED.**

5

6  Dated: _____July    9____, 2010          _____   **Frederick F. Mumm**

7                                        for    Victor B. Kenton
                                               United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28